**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000287
26-NOV-2014
09:56 AM**

NO. CAAP-13-0000287

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
EDDIESON AGPAOA REYES, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-2119)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Eddieson Agpaoa Reyes (Reyes) appeals from the March 13, 2013 Judgment of Conviction and Sentence, entered by the Circuit Court of the First Circuit (Circuit Court),[1] based on jury findings of guilt in Count 1, Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(a) or (b) (Supp. 2013), Count 2, Reckless Endangering in the First Degree, in violation of HRS § 707-713 (1993), and Count 4, Carrying or Use of a Firearm in the Commission of a Separate Felony, in violation of HRS § 134-21 (2011).

On appeal, Reyes argues that (1) there was insufficient evidence to support Reyes's conviction for Assault in the Second Degree; (2) the Circuit Court failed to instruct the jury on the lesser-included offense of Assault in the Third Degree; (3) there was insufficient evidence to support the jury's verdicts on special interrogatories; and (4) the Circuit Court erred in failing to provide the jury with a specific eyewitness identification instruction.

---

[1]     The Honorable Dexter D. Del Rosario presided.

After a careful review of the issues raised and arguments made by the parties, the record, and the applicable authority, we resolve Reyes's points on appeal as follows:

1.  There was substantial evidence supporting Reyes's conviction for Assault in the Second Degree.  Reyes argues on appeal that the evidence adduced at trial was insufficient because the prosecution failed to prove that Darcy Betonio's (Betonio) bullet wound constituted a substantial injury because it was not a "major penetration" of the skin as required by HRS § 707-711(1)(a) or (1)(b).[2]

Substantial bodily injury is defined, in relevant part, as a bodily injury which causes "[a] major avulsion, laceration, or penetration of the skin[.]"  HRS § 707-700 (Supp. 2013).  In State v. Tanielu, 82 Hawai'i 373, 922 P.2d 986 (App. 1996), this court held that the word "major" modifies the words "avulsion," "laceration," and "penetration."  Id. at 379, 922 P.2d at 992.  This court defines the word "major" as "'greater as in size, amount, extent, or rank[,]' . . . The Random House College Dictionary 807 (rev. ed. 1979)."  Id. at 379, 922 P.3d at 992.  Penetration is defined as "to pass into or through[;] to extend into the interior of[;] . . . to enter or go through by overcoming resistance [;] . . . to pass, extend, pierce, or diffuse into or through something [.]"  Id. at 378 n.4, 922 P.2d at 991 n.4 (citation and internal quotation marks omitted).

Reyes argues that Betonio's injury did not constitute substantial bodily injury for the purposes of HRS § 707-700 because Betonio was "able to continue running all the way to his friend Dane's house[,]" and that he didn't "realize the nature of his injury until he reached there[;]" and that Betonio only discovered some blood around a hole in his pants, and that his injury neither required surgery nor took longer than a month to heal.  We disagree.

Dr. Sharon Moran (Dr. Moran) testified that when she treated Betonio, it appeared that he had a "single gunshot wound

---

[2]  HRS § 707-711(1)(a) and (1)(b), provides that a person commits the offense of Assault in the Second Degree, if:  "(a) The person intentionally or knowingly causes substantial bodily injury to another; [or] (b) The person recklessly causes serious or substantial bodily injury to another[.]" (Formatting altered).

through the right buttock that then traveled through the internal area of the pelvis and lodged near the left femur." Dr. Moran's conclusions were supported by an x-ray and CAT scan, which showed fragments of metal similar to those a bullet casing would leave, if the bullet split upon entry. Dr. Moran then concluded that Betonio's injury constituted a penetrating injury.

The "test on appeal in reviewing the legal sufficiency of the evidence is whether, when viewing the evidence in the light most favorable to the prosecution, substantial evidence exists to support the conclusion of the trier of fact." State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) (citation and internal quotation marks omitted). The testimony given and the evidence presented to the Circuit Court was sufficient to support the jury's conclusion that Betonio suffered a substantial bodily injury from a bullet entering into and traveling several inches across his body.

2. Reyes argues that the Circuit Court "erred in failing to instruct the jury on the lesser-included offense of Assault in the Third Degree where there was a rational basis for the jury to conclude that Ikaika's [Betonio's] injury constituted only 'bodily injury' and not 'substantial bodily injury.'"

The Supreme Court of Hawai'i held in State v. Flores, 131 Hawai'i 43, 51, 314 P.3d 120, 128 (2013) that "jury instructions on lesser-included offenses must be given where there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." Id.

Reyes argues that there was evidence that the injury sustained by Betonio was not "substantial bodily injury" as defined, in light of the effect the gunshot wound had on Betonio. Specifically, he argues that because Betonio was able to run immediately after being shot, was not permanently disabled, and did not require surgery, that there was a rational basis for the jury to find that Betonio's injury did not constitute a major penetration, i.e., was not a substantial bodily injury. Reyes presents no authority that a penetration of several inches is not a "major" penetration, nor that the victim's reaction to the injury diminishes the physical characteristics of the injury.

3

Dr. Moran testified at trial that Betonio had appeared to have suffered "a single gunshot wound through the right buttock that then traveled through the internal area of the pelvis and lodged near the left femur." She also testified that, subsequent to an x-ray and CAT scan, she located metallic fragments lodged in Betonio's left femur, consistent with fragments of a bullet casing. A photograph of the entry point of the wound was also admitted into evidence. There was no evidence contradicting the extent of the wound presented. Therefore, there was no rational basis for a trier of fact to find that Betonio's injury did not constitute a "major penetration" pursuant to HRS § 707-700 and the Circuit Court did not err in failing to instruct the jury on the lesser-included offense of Assault in the Third Degree.

3. Reyes requests that Counts 1 and 2 be vacated because there was insufficient evidence to support the jury's responses to the special interrogatories[3] and requests that the case be remanded for the State to elect one of the offenses. Given its agreement to dismiss Count 2 in the event that Reyes was found guilty of both Counts 1 and 2, the State asks that this court vacate the May 13, 2013 judgment and remand for a dismissal of Count 2 and a reinstatement of conviction on Count 1 in an amended judgment. Based on the State's concession of error, we agree that the remedy is to enter judgment on one count, in this case Count 1 as the State has elected. See State v. Padilla, 114 Hawaiʻi 507, 517, 164 P.3d 765, 775 (App. 2007).

---

[3] Count I charged, in relevant part,

> On or about the 16th day of March, 2009, in . . . Honolulu, . . . EDDIESON AGPAOA REYES did intentionally or knowingly cause substantial bodily injury to Darcy Betonio, and/or did recklessly cause substantial bodily injury to Darcy Betonio, thereby committing the offense of Assault in the Second Degree, in violation of Section 707-711(1)(a) and/or Section 707-711(1)(b) of the Hawaii Revised Statutes.

Count II charged in relevant part:

> On or about the 16th day of March, 2009, in . . . Honolulu, . . . EDDIESON AGPAOA REYES did intentionally fire a firearm, to wit, an instrument that falls within the scope of Section 706-660.1 of the Hawaiʻi [sic] Revised Statutes, in a manner which recklessly placed other persons in danger of death or serious bodily injury, thereby committing the offense of Reckless Endangering in the First Degree, in violation of Section 707-713 of the Hawaii Revised Statutes.

4. Relying on State v. Cabagbag, 127 Hawai'i 302, 277 P.3d 1027 (2012), Reyes claims that the Circuit Court "abused its discretion in failing to, *sua sponte*, provide the jury with a specific eyewitness identification instruction where identification of the shooter was a central issue in the case." In Cabagbag, the Supreme Court of Hawai'i held "when eyewitness identification is central to the case, circuit courts must give a specific jury instruction upon the request of the defendant to focus the jury's attention on the trustworthiness of the identification." 127 Hawai'i at 313-14, 277 P.3d at 1038-39 (emphasis added). Reyes did not request such an instruction here.

Moreover, eyewitness identification was not a "central" issue in this case. This was a circumstantial evidence case; no witness testified that he or she saw a person fire the gun causing Betonio's injury. The persons testifying to Reyes's behavior before and after the shooting knew who Reyes was and had arrived at the scene in the same car. Although Reyes cross-examined these witnesses regarding the veracity of their testimony and prior statements, neither of them was challenged on the issue of whether Reyes was the person they were referring to. We see no error here.

Therefore, the March 13, 2013 Judgment of Conviction and Sentence, entered by the Circuit Court of the First Circuit is vacated as to Count 2 and affirmed in all other respects.

DATED: Honolulu, Hawai'i, November 26, 2014.

On the briefs:

Jeffrey A. Hawk,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5